

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN

~~WILLIAMSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 13, 1939

Hon. A. M. Pribble
County Attorney
Goldthwaite, Texas

Dear Sir:

Opinion No. 0-684
Re: Validity of teachers' contracts

We are in receipt of your letter of April 20th, 1939, in which you request the opinion of this Department upon the following three questions:

"1. Trustees of Common School District X re-employed their 1938-1939 teacher for the school year 1939-40 in November, 1938. These contracts were not executed immediately but the agreement was put into the Board minutes. In December an election was ordered and subsequently held to consolidate Common School District X with B Independent District. After the election was ordered the trustees and teachers executed their contracts and filed them with the County Supt., who approved them immediately. The election to consolidate carried. Are these teachers' contracts binding on the consolidated district?

"2. Common School Trustees of Common District Y employed a teacher and filed her contract on March 27, 1939, prior to the trustee election on April 1. After the election the new Board informed the teacher that her contract would not be honored and that the old teacher would be re-employed. The contract on file has not been approved by the County Supt., but was marked "Officially filed" on March 27, 1939. Is this teachers' contract binding?

"3. Trustees of Common School District #18 signed contracts with three teachers on Oct. 15, 1938, for the school year 1939-40. These contracts were filed in the office of the County Supt. on Oct. 22, where they were marked "officially filed" but not approved.

Later an election was held and District #18
was consolidated with B. Independent District.
Are these contracts binding?"

Article 2806, Revised Civil Statutes, provides a
means whereby the qualified electorate of several school dis-
tricts may vote to determine whether said school districts
shall consolidate and be governed by the applicable laws
pertaining thereto. Article 2809, Revised Civil Statutes,
relating to consolidated districts, among other things, pro-
vides that "acting in collaboration with the district super-
intendent, the board of trustees shall employ teachers for
the several elementary schools in the district or for the
departments of the high school, which teachers shall be
elected for one year or two years, as the trustees decide,
and they shall serve under the direction and supervision of
the district superintendent."

Our Supreme Court in State ex rel. George v. Baker,
40 S. W. (2d) 41, held:

"To our minds, this suit presents but one
question: Did the County Board of Trustees
have the power to defeat the right of the peo-
ple to by vote, determine the question as to
whether the district should be incorporated by
re-districting the territory involved after the
election has been duly and legally ordered and
advertised, and while such election was still
pending? We think that to state the question
is to give a negative answer thereto.

"It is our opinion, that even if it be
conceded that the orders of the County Board
with reference to the territory of District
#16 would have been in all respects legal in
the absence of the pending election, still the
right of the people to vote on incorporation,
having been first lawfully invoked, would not
be interfered with or defeated by the County
Board pending the holding of the election, and
the declaration of its results."

The people of the district referred to in your first
question, having first invoked their right to vote on the
question of whether their districts shall be consolidated,
governed by the laws pertaining to consolidated school dis-
tricts, and their teachers employed and directed by the board
of trustees of the consolidated school district, we are of
the opinion that the board of trustees of one of the consoli-

dating districts and the county superintendent could not defeat their right to vote on this question under the facts presented and the action of the county superintendent in approving these teachers' contracts was premature. We, therefore, answer your first question in the negative.

It has been repeatedly held that teachers contracts for common school districts are not binding until they have been approved by the county superintendent, however, this does not seem to be the precise question presented by the facts. Under the facts submitted, we understand the second question to be whether a duly elected board of school trustees may, without cause, refuse to honor teachers' contracts entered into by their predecessors before such contracts have been approved by the county superintendent.

This question was decided in Miller v. Smiley (T.C.A. 1933) 65 S.W. (2d) 417, and the Supreme Court refused a Writ of Error. The Court stated:

"We cannot bring ourselves to believe that a mere fortuitous change in the membership of the board, prior to the formal approval of the county superintendent of the lawful contracts theretofore made by the board, permits such contracts to be arbitrarily revoked by the new board and the county superintendent without any charge of fraud, imposition, or mutual mistake , and with no hearing given the teachers on such intended revocation of their contracts.

"It seems to us that to hold otherwise would be to violate the plainest principles of fairness and justice, and to acquiesce in arbitrary and dictatorial powers not conferred by our statutes upon the boards of school trustees, or county superintendents."

In answer to your second question you are, therefore, advised that a newly elected board of school trustees may not arbitrarily refuse to honor teachers' contracts entered into by the former board of trustees, although such contracts have not as yet been approved by the county superintendent.

Under the identical facts presented in your first question, this Department held that such contracts were not binding upon the consolidated district in opinion No. 0-562, written by Mr. Glenn R. Lewis, dated April 3rd, 1939, addressed to Hon. A. M. Pribble. We, therefore, answer your third question in the negative and enclose a copy of our former opinion herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Cecil C. Cammack
        Cecil C. Cammack
                    Assistant

CCC:BBB:wc

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
By GRL
Chairman